**83** C.C.P.A. (Patents)

### Application of HANSON.

### Patent Appeal No. 5072.

Court of Customs and Patent Appeals.

Jan. 7, 1946.

Harry Dexter Peck, of Providence, R. I., for appellant.

W. W. Cochran, of Washington, D. C., for the Commissioner of Patents.

Before, GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

BLAND, Associate Judge.

Claims 1, 2, and 3 of appellant's application for a patent relating to pipe fittings were rejected by the Primary Examiner of the United States Patent Office and upon appeal the Board of Appeals affirmed the examiner's rejection. From the decision of the Board this appeal is taken.

Appellant's alleged invention is concerned with pipe fittings, such as elbows and tees, upon which appellant provides certain marks to aid the plumber in making measurements, which marks are regarded by appellant as particularly important where a pipe of exact length must be inserted between two installations. The markings on the fittings are placed at the points corresponding to the ends of the connected pipe when the latter are screwed in tightly. These points will vary with different sizes of fittings and pipes; large pipes should be screwed into the fittings further than smaller ones in order that the required strength and stability may be obtained.

Claim 1 of the appealed claims is regarded as typical of all three claims here involved and reads:

"1. An article of manufacture consisting of a pipe fitting having openings within which pipes are to be secured and having as integral parts of its external surface indicia opposite the point of intersection of the center lines through the said openings and opposite the points at which the ends of pipes secured in the said openings should be located."

The examiner rejected the claims on two grounds:

1. Upon the Frank W. Carlson Reissue No. 13,485 patent;

2. That the use of marks wherever desired is only a matter of choice and does not constitute invention.

Both grounds of rejection were affirmed by the Board.

Appellant complains of the use of the Carlson reference for the reason that it relates to a closet bend or connection where a screw fit is not required and where a wholly different problem than the one appellant stresses here is involved. Carlson merely makes some grooves on the bend or connecting pipe which connects a closet fixture with the drainage pipe. The purpose of the groove is to facilitate cutting off such portion of the pipe as is not needed to reach into the drainage pipe. A chisel is placed in the groove and hit with a hammer and the pipe is in this way easily shortened.

It is not seen that the Carlson reference is particularly pertinent. The grooving of the bend serves purposes other than is served by mere indicia such as that at bar.

We need not give further consideration to the Carlson patent for the reason that we are in agreement with the second ground of rejection, to wit, that no invention rested in placing the indicia on the pipe fittings for the purpose of aiding the plumber in accomplishing his work and that it was a matter of choice for a workman to have indicia wherever needed.

Many cases are cited and discussed in the briefs of the parties, but we need not

consider all of them. The cases relied upon by appellant treat in a general way of what constitutes invention and are not specifically directed to the question involved here. We think it is sufficient to discuss but one decision of this Court relied upon by the tribunals, below In re Fischer, 47 F.2d 794, 796, 18 C.C.P.A., Patents, 1076, in which case the invention claimed was a roofing unit comprising a foundation strip having vertical and horizontal guide lines and a group of shingles attached to the strip in accordance with the guide lines. This Court pointed out that the indicia on the roofing material might be a great convenience but that there was no novelty nor invention in so marking the material. It was pointed out there that it was a common expedient, independent of the references relied upon, in the building art, "to mark shingles and roofing material with lines to indicate the point to which the ends of the respective covers are to extend as they are applied to the roof. A familiar method of doing this, of which there is common knowledge, is that of stretching taut a line which has been chalked, flexing it and snapping it upon the last laid course of shingles, thus making a mark to indicate the line to which the lower end of the succeeding course is to extend. Sometimes such a line may be drawn with pencil, or lines are marked upon the roofing foundation."

It seems that the problem and proposed solution involved there were substantially the same as are involved here.

The appellant, in his elaborate brief, sets out and discusses the specifications issued by the American Standards Association in which is shown a table of how far pipes of various sizes should extend into fittings when screwed in tightly. The table also shows the distance from the center points of the fittings to the faces. It would not involve invention for a plumber to take this table and make his own measurements and marks upon the fittings. The table shows all necessary information for making such markings. We concur in the view of the Patent Office tribunals that what appellant has done did not require invention.

Appellant argues that there are instances where invention has been found in placing certain indicia upon articles of manufacture. While this fact, if true, would be an exception to the general rule, appellant urges here, in effect, that his instant application presents a proper exception to

that rule. We cannot agree with this contention of appellant.

Appellant states here that before the examiner and the Board he called attention to the fact that an examiner of the Patent Office had allowed the application for patent of one Singleton upon lines or markings on welded pipes and fittings, and appellant urged there, as here, that the Patent Office has not consistently followed the Fischer case and should not interpret the Fischer case to be a bar to the granting of the instant claims. The Board, in its decision, without mentioning the Singleton patent, pointed out that appellant had raised the question of another patent having been issued on a "somewhat similar subject matter" and that this same question was presented in the Fischer case and that there we decided the granting of a patent to one is no criterion that the same subject matter amounts to invention in another application.

The instant record does not contain the Singleton application nor has appellant in his reasons for appeal properly presented this question for our consideration. But if it were assumed that the Singleton allowed application was for the same invention as that at bar and the question were properly before us, appellant's contention here relating thereto would be sufficiently answered by quoting as follows from the Fischer case, where the circumstances were similar to those at bar:

"The insistence is that, since there was a grant to Faison, by an Examiner, upon subject-matter alleged to be almost identical with that of appellant, this is at least sufficient to create doubt, not to say more, upon appellant's application, and that this doubt should be resolved in appellant's favor.

"To this insistence we are unable to agree. Faison's right to a patent is in no way involved here. There was never any action upon it by the Board of Appeals, so far as the record in this case discloses, and there is no reference to it in the decisions of either the Examiner or the Board in this case.

"The question with which we are concerned is whether invention is present in appellant's devise, and this we must determine without considering whether invention was present in that of Faison.

"If there was error in the issue to Faison and his patent is invalid (as to which we

have no concern in this proceeding) that constitutes no reason why another error should be committed by issuing another invalid patent."

That we there stated the settled law on this phase of the case is too clear to require extended discussion here.

It is our view that the claims upon appeal define nothing inventive and that the decision of the Board affirming that of the examiner should be, and it is, affirmed.

Affirmed.